UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
(Bowling Green Division)

| | |
|---|---|
| JOHN DOE, | ) |
| *Plaintiff,* | ) |
| -vs- | ) Case No. 1:16-cv-74-GNS |
| | ) JURY DEMAND |
| GEORGE DORDONI, Individually | ) |
| *Defendant.* | ) |

**PLAINTIFF'S MOTION FOR PERMISSION
TO USE PSEUDONYM**

COMES NOW THE PLAINTIFF, JOHN DOE, and respectfully moves this Court for permission to file this action using a pseudonym "John Doe." Plaintiff would state as grounds for this motion, as specifically alleged in the Complaint, that his conversion to Christianity has subjected him already to physical beatings, persecution from his family and threats of retaliation. The mere sharing of his desire to become a Christian subjected him to grave risk of personal injury. (Complaint at ¶ 11). If Plaintiff is ultimately unable to sustain his student visa and is forced to return to Pakistan, his country of origin, the police and government officials in Pakistan often give tacit approval to stoning or hanging those who abandoned Islam. *Id.* In addition, following his attendance at his first Christian church service at Forest Park Baptist Church on Old Morgantown Road in Bowling Green, Kentucky, Mr. Doe shared his interest in converting to Christianity with his Muslim friends who warned that under Islamic law he would be regarded as an infidel and subject to a *fatwa* (a death warrant). *Id.* at ¶ 12.

In support of this motion, Plaintiff intends to file on May 19, 2016 a declaration setting forth the factual reasons why his anonymity is necessary and overcomes the presumption of public access to his identity in this proceeding. As will be shown in this declaration, requiring the Plaintiff to proceed without the protection of the pseudonym John Doe could subject him to further reprisals, psychological harm and emotional distress and personal injury by those who threaten to do him harm based on his conversion from Islam to Christianity. Given the particular nature of the Plaintiff's situation, the likelihood of re-victimization and harm is particularly acute, and would extend beyond mere embarrassment and humiliation.

A party to a civil action—either defendant or plaintiff—may use a pseudonym when the circumstances of the case justify such use. The overwhelming majority of jurisdictions to consider this question have determined that parties may proceed in pseudonym under particular circumstances. *See, e.g., Coe v. United States Dist. Court for Dist. Colo.*, 676 F.2d 411, 414 (10th Cir.1982). Federal courts have long approved the practice of pseudonymous litigation.

Following this long line of federal decisions, the court in *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 466 (E.D. Pa. 1997), allowed a Plaintiff to proceed under a pseudonym stating as its reasoning:

> Many courts have attempted to articulate a standard for determining the propriety of pseudonymous litigation. A review of the case law indicates that courts which have addressed this issue have formulated various standards, albeit dissimilar, through which the competing interests at stake have been weighed to determine whether a party should be permitted to proceed in pseudonym. *See, e.g., Doe v. Stegall*, 653 F.2d 180 (5th Cir. Unit A Aug. 1981). . . .
>
> The public right of access to civil judicial proceedings has as its bases, constitutional law, the common-law and public policy grounds. The public's right to know the true identity of the parties is concomitant with the right of public access to judicial proceedings and records. *Stegall*, 653 F.2d at 180. In contrast to these public interests, there exists private and public interests that favor the use of pseudonyms in litigation. For example, litigants may have a strong interest in protecting their privacy or avoiding physical harm. 2A James Moore, MOORE'S FEDERAL PRACTICE ¶ 10.02 (1995). Further, the public may have a strong interest in protecting the privacy of plaintiffs in controversial cases so that these plaintiffs are

not discouraged from asserting their claims. It is these competing interests, in addition to others not mentioned herein, that courts have attempted to balance in determining whether a party should be permitted to proceed in pseudonym.

*Id.* at 466-67.

The Sixth Circuit has specifically addressed the definition of a "fatwa" in a case involving an applicant for asylum. "A fatwa, by definition, is an Islamic religious edict or proclamation." *Toma v. Gonzales*, 189 F. App'x 492, 499 (6th Cir. 2006). A "fatwa" refers to a death sentence that has been dealt to someone or some group of people. In one federal decision, the court used "John Doe" pseudonym out of concern that a witness' personal safety would be at risk due to the issuance of several "fatwas" by a radical Islamic group. *United States v. Bin Laden*, 397 F. Supp. 2d 465, 475 (S.D.N.Y. 2005), *aff'd sub nom. In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93 (2d Cir. 2008).

Given the heightened safety concerns expressed by the Plaintiff, his ability to use a pseudonym outweighs any contrasting public interest in acquiring access to his identity or identifying information.

WHEREFORE, Plaintiff respectfully requests that the court grant the requested relief and allow him to proceed in this case with the use of a pseudonym.

    Respectfully submitted,

    s/Brian Schuette, Esq.
    **CRAIN | SCHUETTE ATTORNEYS**
    719A Dishman Lane
    Bowling Green, KY 42104
    (270) 781-7500 Voice
    (270) 781-7533 Facsimile
    (270) 320-7500 Mobile
    Brian@CSAFirm.com
    *Attorney for the Plaintiff*

And

        s/Larry L. Crain, Esq.
**CRAIN | SCHUETTE ATTORNEYS**
5214 Maryland Way, Suite 402
Brentwood, TN  37027
(615) 376-2600
[Larry@CSAFirm.com](mailto:Larry@CSAFirm.com)
*Attorney for the Plaintiff*
*Pro Hac Vice* Pending