UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-074

*Filed Electronically*

JOHN DOE                                                                                              PLAINTIFF

VS.        **DEFENDANT'S RESPONSE TO PLAINTIFF'S
           MOTION FOR PERMISSION TO USE PSEUDONYM**

GEORGE DORDONI, INDIVIDUALLY                                                    DEFENDANT

This matter is before the Court on John Doe's ("Doe" or "Plaintiff") Motion for Permission to Use Pseudonym (DN 4). Defendant, George Dordoni, by and through counsel, now timely[1] responds to the Motion as follows.

## ARGUMENT

Leave to proceed under pseudonymously is within the discretion of the Court. *See* Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004). In considering whether to grant such leave, the Court must start with the premise that proceeding pseudonymously is the exception rather than the rule. However, in order to circumvent the requirement under Fed. R. Civ. P. 10(a) that a complaint must state the name of all parties, it must be shown that the need for anonymity substantially outweighs the presumption that parties' identities are public information and the risk of unfairness to the opposing parties. Does I through XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000); *see also* Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004).

---

[1] Plaintiff's motion was filed on May 18, 2016, to which the Court noted a response due date of June 13, 2016. However, because Defendant Dordoni was not served on May 18, 2016, the response time was not triggered at that time. Instead, Western Kentucky University ("WKU") accepted service on behalf of Defendant Dordoni on June 13, 2016. As a result, WKU's counsel and Plaintiff's counsel, Brian Schuette, agreed to an extended deadline of June 27, 2016.

1

When determining when such an exception is justified, a court may consider, among others, the following factors:

(1) Whether the Plaintiffs seeking anonymity are suing to **challenge governmental activity**;

(2) Whether prosecution of the suit will compel plaintiff to disclose **information of the utmost intimacy**;

(3) Whether the litigation compels Plaintiff to **disclose an intention to violate the law**; thereby risking criminal prosecution; and

(4) Whether the Plaintiffs are **children**.

See Citizens for a Strong Ohio v. Marsh, 2005 WL 14986, * 7 (6th Cir. 2005) (emphasis added).

In the case at hand, Plaintiff argues that he should be allowed to proceed using the pseudonym of John Doe, because without such protection he is subjected to further reprisals, psychological harm and emotional distress and personal injury by those who threaten to do him harm based on his conversion from Islam to Christianity (DN 4). Plaintiff also indicated that he would file a declaration setting forth the factual reasons why his anonymity is necessary and overcomes the presumption of public access to his identity in this proceeding. However, Plaintiff has failed to provide this declaration to Defendant and this Court. Therefore, Plaintiff's motion should automatically be denied. However, for the sake of argument, this Defendant states in more detail below as to why Plaintiff should not be allowed to proceed using the pseudonym John Doe.

When analyzing the factors set forth above, it is clear that Plaintiff cannot meet the **first factor** as this matter does not involve any challenges to governmental activity. The **second exception** which usually allows for anonymity when the lawsuit will compel plaintiff to disclose

information of the utmost intimacy also cannot be demonstrated by Plaintiff. The real issue in this matter centers around the allegations against George Dordoni and his alleged misclassification of Plaintiff's legal status in the United States, which Plaintiff alleges led to his detention by ICE at Dulles International Airport in Washington D.C. on May 17, 2015. Why Plaintiff dedicates more than two-thirds of his complaint to his personal challenges and conversion from Islam to Christianity is dubious.

It appears that Plaintiff wants to gain sympathy from the Court, and a potential jury, by focusing the Complaint to his conversion rather than the meritless lawsuit he has brought before the Court. In any event, Plaintiff's conversion does not fall within the purview of information of the "utmost intimacy." Courts created this exception for issues related to one's sexual orientation, abortion, birth control, HIV/AIDS status, etc. which are generally considered issues carrying a certain social stigma. Plaintiff's conversion to Christianity, especially when it is already known, is not such an issue which requires anonymity. In his Complaint, Plaintiff states that his father and family already know of his conversion from Islam to Christianity. If we are to construe Plaintiff's factual assertions as true and accurate, then we are also to believe that this lawsuit will not reveal any new or additional information about Plaintiff that is already not known by his father, family, or any other individuals which allegedly want to cause him harm. It is impossible for this lawsuit to subject Plaintiff to harm, retaliation, and/or violence when he adamantly alleges that he is already subjected to such harm.

To support a fear of retaliation, the plaintiff must demonstrate that such retaliation is not merely hypothetical but based in some real-world evidence; a simple fear is insufficient. See Does v. Shalushi, 2010 WL 3037789, * 3 (see, e.g., <u>"Jane Endangered" & "Jane Imperiled" v. Louisville/Jefferson County Metro Gov't Dep't of Inspections</u>, 2007 WL 509695, *1-2 (W.D.

Ky. 2007) (plaintiffs' fears of retaliation for bringing anti-discrimination claims had no support in the record and the court denied the plaintiffs leave to proceed pseudonymously). Here, Plaintiff has failed to provide real examples of his fear. Furthermore, he has failed to identify any individual by name who have threatened him because of his conversion or will subject him to additional harm and/or violence in light of this lawsuit.

The third factor, whether the litigation compels Plaintiff to disclose an intention to violate the law and thereby risking criminal prosecution, also cannot be established by Plaintiff in this case. He merely states in his Complaint that "he was warned that under Islamic law and practice it would be an offense of heresy punishable by a *fatwa* or death warrant" and that "[u]pon information and belief, there presently exists [a] *fatwa* again[st] Doe" (DN 1, Complaint, Page ID # 3, Paragraphs 12 and 13). However, Plaintiff has failed to provide any actual evidence of this threat or risk of criminal prosecution. He has failed to provide any affirmations under oath, newspaper articles, court documents, secondary sources, or any other type of evidence which would support Plaintiff's unsubstantiated allegations. Moreover, none of the factual assertions in Plaintiff's Complaint rise to the level of criminal activity. Because there is no threat of criminal prosecution in the United States, Plaintiff cannot enjoy the advantage of proceeding using the pseudonym John Doe.

Plaintiff also cites to United States v. Bin Laden, 397 F.Supp.2d 465, 475 (S.D. N.Y. 2005) for the proposition that "the court used 'John Doe' pseudonym out of concern that a witness' personal safety would be at risk due to the issuance of several 'fatwas' by a radical Islamic group." (DN 4, Plaintiff's Motion, Page ID # 18). His reliance on this case is completely unwarranted, as a thorough review of this case reveals that the Court did not hold as Plaintiff portrays. That case had nothing to do with a Plaintiff's use of a pseudonym, but rather

complicated issues of criminal law, including the Jencks Act, *Brady* standard, etc. Moreover, whether Plaintiff is subjected to criminal prosecution based on his religious beliefs is an appropriate analysis for an individual seeking asylum, but not for one seeking anonymity in proceeding in a civil lawsuit.

Lastly, this Court should take into account Defendant's interest in this matter. Through the allegations in his Complaint, Plaintiff attempts to tarnish Defendant's professional reputation at WKU and in the general community. The public has a right to know the identify of the Plaintiff in this matter, especially considering that this case is not one of utmost intimacy; governmental activity; involving children; nor fear of criminal prosecution.

## CONCLUSION

In light of the foregoing reasons, Plaintiff has failed to satisfy the requirements of Fed. R. Civ. P. 10 or of Sixth Circuit precedent, particularly the factors set forth in Citizens, *supra*. Therefore, this Court should deny Plaintiff's Motion for Permission to Use Pseudonym (DN 4) and order that Plaintiff reveal his true identity and proceed using such identity.

This the 27th day of June, 2016.

        KERRICK BACHERT PSC
        1025 State St.
        P.O. Box 9547
        Bowling Green, KY  42102-9547
        (270) 782-8160
        (270) 782-5856 – Fax
        tkerrick@kerricklaw.com
        eviteskic@kerricklaw.com

        By: */s/ Ena Viteskic*
           Thomas N. Kerrick
           Ena Viteskic
            *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

    Brian Schuette.        Brian@CSAFirm.com
    Larry L. Crain         Larry@CSAFirm.com

    */s/ Ena Viteskic*
    Thomas N. Kerrick
    Ena Viteskic
    *Counsel for Defendant*