**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:16-CV-00074-JHM**

JOHN DOE                                                    PLAINTIFF

VS.

GEORGE DORDONI                                            DEFENDANT

**MEMORANDUM, OPINION,**
**AND ORDER**

Before the Court is the motion of Plaintiff John Doe ("Doe") for permission to continue use of a pseudonym in the prosecution of this case (DN 4).  The Defendant has responded in opposition (DN 9).  On August 24, 2016 the undersigned conducted a hearing on the motion. Appearing on behalf of Plaintiff was Brian L. Schuette.  Appearing on behalf of the Defendant was Ena Viteskic.  The plaintiff also appeared at the hearing and offered testimony in support of the motion.  The matter stands submitted to the undersigned United States Magistrate Judge for ruling.

Nature of the Case

Doe (a pseudonym) was born in Saudi Arabia and is a citizen of Pakistan.  He attended Western Kentucky University ("W.K.U.") under an F-1 student visa through the end of the fall 2014 semester.  Although raised in the religion of Islam, Doe initially became interested in Christianity prior to coming to the United States.  Later, while attending W.K.U., he began attending Christian church services and contemplated converting from Islam to Christianity.  He confided this to some of his Muslim friends, who warned him of possible repercussions under

1

Islamic law.  He also confided this to his uncle, which apparently led to Doe's father withdrawing his financial support, leaving Doe unable to enroll in classes for the spring 2015 semester (DN 1).

In January, 2015 Doe contacted Defendant, George Dordoni ("Dordoni"), an International Student & Scholar Advisor in W.K.U.'s International Student Office, seeking advice about maintaining his student visa status until he was able to re-enroll in classes.  Doe alleges that Dordoni counseled him on the process for submitting his Form I-20 in order to obtain a Certificate of Eligibility for Non-Immigration (F-1) Student status.  Doe also alleges that Dordoni assured him he could depart the United States to visit family abroad and the he would be granted re-entry to complete his studies at W.K.U.

Doe contends that, in reliance upon Dordoni's advice, he departed the United States on February 14, 2015, for a one-month visit with his family.  He traveled to Saudi Arabia, and Doe recounts that he was forcibly detained by his family for the purpose of re-indoctrinating him into the teachings of Islam, including physical punishment if he failed to follow religious doctrine. This continued for four months, until he feigned resignation of his interest in Christianity and his father consented to his return to the United States.  Thereafter, he contends he again contacted Dordoni to confirm his immigration status and was assured that his F-1 Visa would not expire until 2017 (Id.).

Upon his arrival in the United States, however, he was detained by immigration officials and advised that records in the Student Exchange and Visitor Information System ("SEVIS") indicated he no longer had a valid student visa as a result of failing to enroll as a full time student during the spring 2015 semester and that he had failed a psychological evaluation.  He contends he was held in detention from May 17, 2015 to June 17, 2015, when he was paroled on

application for asylum status.  Doe contends that Dordoni was negligent in providing him with immigration advice and in submitting inaccurate information to SEVIS, which resulted in his detention (Id).

## Doe's Motion

Doe's motion requests leave to continue his prosecution of the case anonymously under the pseudonym, as he fears disclosure of his name could subject him or his family to religious persecution due to the public revelation of his conversion from Islam to Christianity.  During the hearing he testified that he is considered an apostate of Islam and has been shunned by his Muslim former friend who warned him that he could be subject to a *fatwa*.  A *fatwa* is an Islamic religious edict or proclamation.  Toma v. Gonzales, 189 F. App'x. 492, 499 (6th Cir. 2006), *see also* United States v. Sedaghaty, 728 F.3d 885, 920 n.5 (9th Cir. 2013) ("A *fatwa* issued by a cleric 'is the equivalent of a ruling on a particular issue regarding Islam or Muslims, and it is incumbent upon anyone who follows the person issuing the *fatwa* to follow the advice given.'").  Doe testified that conversion to Christianity is considered an offense for which he could be denounced as *wajib-ul-qatal*, or deserving of death, and a *fatwa* calling for his death could issue.  He notes that he has recently been granted asylum status based on religious persecution.  Doe admitted, however, that he has only been told that a *fatwa* could be issued, and no one has told him that one has actually been issued, nor has he been directly threatened at this point.

## Dordoni's Opposition

Dordoni notes that proceeding by pseudonym is an exception to the general rule that parties must prosecute cases in their own name.  He argues that Doe has, as most, only demonstrated a general fear of persecution and has failed to demonstrate that the danger is more than speculative.  Unlike cases in which a plaintiff proceeds anonymously against a public entity,

Dordoni notes that this action is between two individuals and that he has an interest in protecting his professional reputation and the public is entitled to know the identity of the person making claims against him. Additionally, Dordoni asserts that Doe's extensive recitations in his complaint of the facts associated with Christianity were unnecessary to his statement of a cause of action and he has thus created his own problem. Any information relative to religious issues arising during discovery or in pleadings, Dordoni contends, could have been dealt with by way of sealing portions of the court record.

Discussion

Rule 10(a) of the Federal Rules of Civil Procedure requires that a complaint state the names of all parties. A plaintiff may be granted exemption from this requirement under certain circumstances in which the Court determines a plaintiff's privacy interest substantially outweighs the presumption of open judicial proceedings. A plaintiff may be entitled to anonymity where (1) plaintiff sues to challenge governmental activity; (2) prosecution of the suit will require the plaintiff to disclose information "of the utmost intimacy"; (3) the litigation compels the plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; or (4) the plaintiff is a child. Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004). With regard the second category, the Sixth Circuit has observed that:

> Religion is perhaps the quintessentially private matter. Although they do not confess either illegal acts or purposes, the [plaintiffs] have, by filing suit, made revelations about their personal beliefs and practices that are shown to have invited an opprobrium analogous to the infamy associated with criminal behavior.

(Id.) (quoting Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981)). Here, the issue of Doe's religious conversion qualifies under the "utmost intimacy" category as a basis upon which anonymity may be appropriate. However, the analysis does not end here.

4

The burden is on the Plaintiff to demonstrate that the need for anonymity substantially outweighs both the presumption that a party's identity is public information and the risk of unfairness to the opposing party.  Doe v. Warren Co., No. 1:12-cv-789, 2013 U.S. Dist. LEXIS 25423, at *5 (S.D. Ohio Feb. 25, 2013).  In order to satisfy this burden in the context of fear of retaliation, the risk must not merely be hypothetical but based on real evidence.  "A plaintiff can support his fear by demonstrating the need for anonymity to prevent retaliation, the reasonableness of the plaintiff's fear, the severity of the threatened harm, and the plaintiff's vulnerability."  Doe v. Snyder, No. 12-11194, 2012 U.S. Dist. LEXIS 54492, at *5 (E.D. Mich. Apr. 18, 2012) (quoting Doe v. Shalushi, No. 10-11837, 2010 U.S. Dist. LEXIS 77331, at *3 (E.D. Mich. July 30, 2010)).  Balanced against this is whether the defendant is forced to proceed with insufficient information to present their arguments against the plaintiff's case.  Id.

Here, Dordoni has not contested Doe's contention that his conversion from Islam to Christianity could place him at risk for possible retaliation, or that his family might also be at risk as a consequence.  Dordoni has questioned the extent to which this is more than a remote possibility, as Doe cannot point to specific evidence that a *fatwa* has been issued which calls for him to be harmed and no one has thus far directly threatened him.  However, as the District Court for the District of Columbia observed, "Fatwas are not publicly distributed; hence, the fact that one has been issued against a specific person must be gleaned indirectly."  Elahi v. Islamic Republic of Iran, 124 F. Supp.2d 97, 103 n.8 (D.D.C. 2000).  As Doe testified during the hearing, it is unlikely that someone intending to do him harm would advise him of their intention in advance.

This is not an instance in which a party fears embarrassment, ostracism or ridicule resulting from disclosure of personal information in the course of a lawsuit.  This is an instance

5

in which the plaintiff has articulated a rational fear of serious personal injury or death based upon religious doctrine.  Moreover, Doe's true identity is known to Dordoni and he faces no prejudice in his ability to gather evidence and defend against the case.  As to Dordoni's contention that Doe created his own dilemma by including information in the complaint about religion, the undersigned does see a rational basis for including this information as part of the facts necessary to understand why Doe was unable to return to the United States as promptly as he had initially planned and arguably had to rely on Dordoni's expert advice.  On the whole, prudence dictates erring on the side of caution and granting Doe's request to pursue the case under the pseudonym.

<u>Order</u>

**WHEREFORE**, Plaintiff's motion for leave to prosecute this action under a pseudonym (DN 4) is **GRANTED**.

Copies:          Counsel