UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00074-JHM

JOHN DOE                                                              PLAINTIFF

VS.

GEORGE DORDONI                                                        DEFENDANT

**MEMORANDUM, OPINION,
AND ORDER**

This matter is before the Court on the Motion (DN 49) of Plaintiff John Doe to amend his complaint. The Defendant, George Dordoni, has responded (DN 52). Plaintiff's time to file a reply has expired, and the matter is ripe for review.

Nature of the Case

At the time relevant to the complaint, Doe was an international student at Western Kentucky University (DN 1 ¶ 1). George Dordoni was the director of Student Affairs and WKU International Student and Scholar Advisor (Id.). Doe alleges that Dordoni informed him in May of 2015, toward the end of a tumultuous trip home to Saudi Arabia, that his student visa would not expire until 2017 (Id. at ¶ 21-23). However, when Doe re-entered the country, Customs Border Patrol told him his visa was no longer valid because WKU had listed him as an inactive student who was ineligible to take classes due to the results of a psychological evaluation (Id. at ¶ 25). CBP detained Doe for approximately one month without the opportunity for a hearing or bond (Id. at ¶ 37). Additionally, CBP registered Doe as an illegal immigrant (Id.). Doe later learned that WKU sent the information about his student status in error (Id. at ¶ 26). He now

alleges that by offering to assist in the international student visa process, Dordoni was obligated to exercise reasonable care in the circumstances, and his failure to do so makes him liable for Doe's damages (Id. at ¶ 29).

## Arguments of the Parties

Doe seeks to amend his complaint to add a punitive damages complaint (DN 49). The motion alleges that the Plaintiff has discovered new facts during discovery that justify the claim (Id.). Notably, Doe does not identify these facts either in the motion or the amended complaint (*See* DN 49; DN 49-1). Instead, he appears to have filed a copy of the original complaint with a paragraph added simply alleging that the exact same facts, as stated in the original complaint, meet the threshold for punitive damages (DN 49-1 at PageID # 158).

In response, Dordoni points out that Fed. R. Civ. P. 15(a) counsels courts to liberally grant motions to amend so long as the proposed amendments could withstand a 12(b)(6) motion to dismiss (DN 52 at PageID # 166). Dordoni argues there is no reading of the factual allegations in the complaint that could rise to the standard required to obtain punitive damages under Kentucky Law (Id. at PageID # 167). Doe has offered no reply.

## Discussion

Fed.R.Civ.P. 15(a)(2) states that leave to amend a complaint shall be freely granted "when justice so requires." This liberal standard has led courts to conclude that "[a] motion to amend a complaint should be denied if the amendment is sought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010). According to Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000), "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."

In order to survive a motion to dismiss, a complaint must state a claim upon which relief can be granted. F.R. Civ. P. 12(b)(6). The complaint must contain enough factual material to satisfy the basic requirements of Rule 8, which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." F. R. Civ. P. 8(a)(2). However, the facts alleged in the complaint must at least be sufficient to "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A set of facts is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (cleaned up). The moving party carries the burden of demonstrating that the nonmoving party has failed to state a claim. DirecTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). The Court will accept all factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield, 552 F.3d 430, 434 (6th Cir. 2008). Importantly, however, accepting all factual allegations as true does not require a court to accept legal conclusions couched as factual assertions. Iqbal, 556 U.S. at 678.

Under Kentucky law, in order to receive punitive damages, a defendant must act toward the Plaintiff "with oppression, fraud, or malice." KRS § 411.184(2). "'Oppression' means conduct which is specifically intended by the defendant to subject the plaintiff to cruel and unjust hardship." KRS § 411.184(1)(a). "'Fraud' means an intentional misrepresentation, deceit, or concealment of material fact known to the defendant and made with the intention of causing injury to the plaintiff." KRS § 411.184(1)(b). And, "'[m]alice' means either conduct which is

specifically intended by the defendant to cause tangible or intangible injury to the plaintiff or conduct that is carried out by the defendant both with a flagrant indifference to the rights of the plaintiff and with a subjective awareness that such conduct will result in human death or bodily harm." KRS § 411.184(1)(c). Alternatively, a plaintiff may be awarded punitive damages if the defendant acted with gross negligence. Saint Joseph Healthcare, Inc. v. Thomas, 487 S.W.3d 864 (Ky. 2016). Gross negligence means acting with "wanton or reckless disregard for the lives, safety, or property of others." Id. (internal quotations and citation omitted).

Here, Doe's proposed amended complaint does not assist the Court by identifying specific conduct which he believes justifies an award of punitive damages. Doe has simply added a count that incorporates the entirety of the original complaint. Nevertheless, the undersigned has examined the factual allegations leveled against Dordoni in search of anything that might, viewed in a light most favorable to the Plaintiff, either satisfy the statutory requirement or amount to gross negligence. Nothing meets either threshold.

Doe states, for instance, that it was "WKU" who reported incorrect information about him to the Student Exchange and Visitor Information System (Id. at ¶ 26). Doe does not even allege that Dordoni intentionally sent incorrect information or, in fact, that Dordoni sent the information at all or that his position was even ultimately responsible for ensuring the accuracy of such transmissions. Doe states that Dordoni guided him through the process (DN 49-1 at ¶ 17). But Doe also states that, upon learning of Doe's situation, Dordoni sent an email stating that he had reached out and provided accurate information to the relevant authorities and stating that Doe would be in Dordoni's thoughts (Id. at ¶ 27). None of this conduct is remotely malicious, fraudulent, or oppressive. Moreover, Doe has alleged no facts that would support a charge that Dordoni acted with wanton or reckless disregard for Doe's person, Property, or safety. At best,

4

Doe has alleged that Dodorni acted negligently. Thus, because no set of facts exist in the proposed amended complaint that would support a plausible inference that Dordoni's conduct satisfied the requirements for an award of punitive damages, Doe has failed to demonstrate that his proposed amendment could withstand a 12(b)(6) motion to dismiss. As a result, the proposed amended complaint is futile and must be denied.

## **ORDER**

**IT IS HEREBY ORDERED** that Plaintiff's motion to amend his complaint is **DENIED**.


Copies: Counsel